JUDGE LINDSAY
delivered the opinion oe the court.
These two appeals involve the same questions, and will therefore be considered together. The two companies have been transacting business under charters approved respectively February 9, 1856, and January 16, 1860. They are neither stock nor mutual companies in the sense these terms are used in the act of March 12, 1870, providing for “the incorporation and regulation of fire, marine, health, accident, live-stock, and all other except life-insurance companies.”
The contracts between the various members are simply obligations of indemnity against loss by fire, the performance of which is secured by the pledge of the property of each member to the extent of his own insurance.
Strictly speaking, they have no capital stock, either cash or premium note. The one-per-cent entrance fees paid by each member in cash, although allowed to be used in the payment of losses, are intended to constitute a fund out of which the expenses of the associations are to be paid. That portion of the third section of the act of March 12, 1870, which provides “ nor shall any company on the plan of mutual insurance commence business in this state until agreements have been entered into for insurance with at least two hundred applicants, the premiums on which shall amount to not less than one hundred thousand dollars, of which at least fifty thousand dollars shall have been paid in cash, and notes of solvent parties founded on actual and bona fide applications for assurance shall have been received for the remainder,” even if it *396 be retro-active in its operation, can not be made to apply to these companies, unless it be held that the legislature intended to abolish them altogether, and compel them to reorganize upon one of the two plans mentioned in that section.
Such reorganizations would have rendered it necessary that contracts entered into between many hundreds of persons with the assent of the state government, and for a proper and legitimate purpose, should be voluntarily rescinded by the contracting parties or arbitrarily canceled by the courts.
It may well be doubted whether the right reserved to alter, amend, or repeal the charters of these companies carried with it the right to annul contracts entered into between private individuals in accordance with their terms before the reserved right had been exercised, and we will not, in the absence of an express and unmistakable enactment, assume that the legislature intended any such consequence.
It is insisted by the attorney-general that the requirement of'the thirty-seventh section, that “all insurance companies doing any business provided for under section 1 of this act, or heretofore incorporated by the laws of this commonwealth,” are required to make all the returns and perform all the requirements of companies organized under said act, and are made subject to all the penalties and are entitled to all the benefits of the act, the same as- if organized thereunder. If by this provision the amount of the capital stock of existing companies was affected at all, a proposition by no means free from doubt, the courts can not hold that it operated as a constructive repeal of the charters of such companies as could not conform to it in the matter of capital stock without, as before stated, abandoning their existing organizations.
It is not complained that these companies have failed to make the necessary returns to the commissioner of insurance, nor that they have refused to perform each and every duty *397 that can legally be required of them under the provisions of the insurance act.
We are therefore of opinion that the judge of the Franklin Circuit Court erred in adjudging their dissolution.
The judgment in each case is reversed, and the' causes remanded with instructions to dismiss appellee’s petitions.